**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5028**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ROGER BERNARD WESLEY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:12-cr-00202-NCT-1)

Submitted:  July 12, 2013                Decided:  July 23, 2013

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Milton Bays Shoaf, ADDISON & SHOAF, Salisbury, North Carolina,
for Appellant. Ripley Rand, United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Bernard Wesley appeals his conviction and 110-month sentence imposed following his guilty plea to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Wesley's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court committed two sentencing errors. The Government has filed a response brief, asserting that the district court committed no error and that we lack authority to review one of the issues raised. Wesley has filed a pro se supplemental brief raising a claim under Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151, 2155 (2013) (holding that any fact increasing the mandatory minimum sentence applicable to an offense must be submitted to the jury and found beyond a reasonable doubt). For the reasons that follow, we affirm.

We review a sentence imposed by a district court for reasonableness. Gall v. United States, 552 U.S. 38, 46, 51 (2007). We first examine the sentence for "significant procedural error," including improper calculation of the Guidelines range. Id. at 51. In assessing Guidelines calculations, we "review the [sentencing] court's factual findings for clear error, its legal conclusions de novo, and

2

unpreserved arguments for plain error." United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012) (citations omitted). If we find the sentence procedurally reasonable, we also examine its substantive reasonableness under the totality of the circumstances. Gall, 552 U.S. at 51. A within-Guidelines sentence is presumptively reasonable, and the defendant bears the burden to rebut this presumption by demonstrating "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Counsel first questions whether the district court inappropriately applied a four-level enhancement for use or possession of a firearm "in connection with another felony offense," pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6)(b) (2011). Because Wesley withdrew his objection on this ground in the district court, we review the issue for plain error. See Strieper, 666 F.3d at 292.

A firearm is "used or possessed in connection with another offense if [it] facilitates or has a tendency to facilitate the other offense." United States v. Hampton, 628 F.3d 654, 663 (4th Cir. 2010) (internal quotation marks and alteration omitted); see USSG § 2K2.1 cmt. n. 14(A). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the

3

firearm was present for protection or to embolden the actor." United States v. Alvarado Perez, 609 F.3d 609, 612-13 (4th Cir. 2010) (internal quotation marks and alterations omitted). The Guidelines commentary further explains that the enhancement is appropriate "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." See USSG § 2K2.1 cmt. n. 14(B). Based on the facts admitted in the written factual basis for Wesley's plea and adopted in the presentence report, we discern no error, plain or otherwise, in the court's application of this enhancement to Wesley.[*]

Counsel next questions whether the district court should have considered imposing a lower sentence because the three-level downward adjustment to his Guidelines range for acceptance of responsibility, for which he bargained in his plea agreement, had little impact on his Guidelines range due to the statutory cap of 120 months applicable to his sentence. We find

---

[*] In his pro se supplemental brief, Wesley also challenges this enhancement under the Supreme Court's recent decision in Alleyne. Because neither the enhancement nor its underlying facts had an impact on the statutory sentencing range applicable to Wesley's offense, we conclude, without difficulty, that Wesley's argument is meritless. See Alleyne, 133 S. Ct. at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment.").

this argument unavailing. Initially, Wesley cannot claim that he did not benefit from the acceptance of responsibility adjustment; but for that adjustment, Wesley would have been subject to a Guidelines range higher than the sentence he received. Because he received a sentence at the bottom of his applicable Guidelines range, Wesley effectively argues that the court erred in failing to depart below the Guidelines range based on the statutory cap. However, we lack authority to review the court's decision not to depart downward, as nothing in the record indicates that "the court failed to understand its authority to do so." See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Nor do we conclude that Wesley's assertion serves to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence. See Montes-Pineda, 445 F.3d at 379.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wesley, in writing, of the right to petition the Supreme Court of the United States for further review. If Wesley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

5

representation.  Counsel's motion must state that a copy thereof was served on Wesley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6